IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-F-2633 (PAC)
(Consolidated with 04-F-319 (PAC)

LILLIAN BARTON,

      Plaintiff,

v.

CITY AND COUNTY OF DENVER,
OFFICER R. BLEA, Badge No. 99006,
OFFICER N. SAGEN, Badge No.96-021,
OFFICER JOHN DOE,
MAYOR JOHN HICKENLOOPER,in his Official capacity,
WELLINGTON WEBB, as former Mayor, in his Official capacity only,
GERALD R. WHITMAN, in his Official capacity as Chief of Police,
City and County of Denver,
J. WALLACE WORTHAM, JR., former Denver City Attorney,
in his Official capacity, and
CHRIS RAMSEY, former Denver Deputy City Attorney, in his Official capacity only,

      Defendants.

_____

Civil Action No. 04-F-319 (PAC)
(Consolidated with 03-F-2633 (PAC))

CITY AND COUNTY OF DENVER;
RICHARD BLEA;
NICK SAGAN;
JOSH VASCONCELLOS;
MAYOR JOHN HICKENLOOPER;
WELLINGTON WEBB;
GERALD R. WHITMAN;
RUDY SANDOVAL;
J. WALLACE WORTHAM, JR; and
CHRIS RAMSEY,

      Defendants.

_____

**ORDER DENYING PLAINTIFF'S "OBJECTIONS AND REQUEST (MOTION)
TO DISTRICT COURT JUDGE FIGA TO SET ASIDE
MAGISTRATE JUDGE COAN'S ORDER"**

This matter comes before the Court on this *pro se* plaintiff's above-described filing of July 5, 2005 (Dkt. # 131), in which she apparently requests this Court to review under F.R.Civ.P. 72(a) the order entered by Magistrate Judge Coan on June 22, 2005, denying plaintiff's Motion for Relief from Order and Judgment.  On July 28, 2005, defendants filed their response to plaintiff's filing, and moved the Court to strike the filing (Dkt . # 136).  Some background is required to put the motion in perspective.

Plaintiff, while represented by counsel Brice Tondre, Esq., alleged in this case that her civil rights were violated by the various listed defendants in connection with an incident that occurred in February 2002.  Plaintiff alleged that as a result of the alleged unlawful conduct of defendants she suffered "economic and non-economic damages" (*See* Complaint in Civil Action No. 04-F-319 at ¶ 71) and "financial losses, inconvenience, humiliation and emotional distress" (*see* Complaint in Civil Action No. 03-F-2633 at ¶ 77).

On August 3, 2004, defendants filed a motion to compel discovery seeking an order that plaintiff provide signed medical releases and releases to permit defendants to obtain plaintiff's tax returns.  The record was apparently unclear as to why these documents had not been produced.  On September 24, 2004, in open court, the Magistrate Judge heard argument on the motion to compel and granted the defendants' motion.  *See* Minutes of Hearing, September 24 2004, at 2.  Plaintiff at that time indicated that she wished to terminate her counsel.  Mr. Tondre indicated a willingness to withdraw.  The Magistrate Judge advised that until counsel has filed a motion to

2

withdraw, he remains as her counsel.  In addition to ordering production of the requested documents, the Magistrate Judge also indicated that she was granting the defendants' request for sanctions.  *Id.*  The Magistrate Judge allowed defendants' counsel time to submit an affidavit of the fees incurred in seeking to obtain the discovery and "the time spent waiting for Mr. Tondre to show up for the ordered meet and confer this morning." *Id.*  Mr. Tondre had apparently showed up late for an ordered "meet and confer session" to have been held one hour before the hearing.  *Id.* at 2.

Defendants' counsel submitted his affidavit on October 4, 2004. The affidavit reflected that counsel had expended 14 hours between June 30, 2004 and September 24, 2004 in connection with seeking to obtain the requested discovery, including 4.7 hours on September 24, 2004 described as "Prepare for hearing on Motion to Compel. Travel to and attend hearing  on Motion to Compel.  Attend conference with Plaintiff's counsel regarding outgoing discovery items."  Exhibit A to Affidavit of Seth A. Rider. The affidavit reflected charges at the rate of $115 per hour, for a total fee request of $1,610.

On October 18, 2004 Mr. Tondre filed a motion to withdraw as plaintiff's counsel that was granted by this Court on October 19, 2004.  Plaintiff represented herself after the September 21, 2004 hearing and filed no less than three filings opposing the defendants' request for sanctions.  *See* Dkt. # 56, "Motion Re: Objection to Sanctions Granted Against Lillian Barton for Attorneys Fees Pursuant to Rule 37 During Sept. 24, 2004 Motion to Compel Hearing," filed October 12, 2004; Dkt. # 63, "Motion Re: Objections to Sanctions Granted against Plaintiff Lillian Barton for Attorneys Fees

Pursuant to Rule 37 During Sept. 24, 2004 Motion to Compel Hearing" filed October 26, 2004; Dkt # 64, "Notice that facts contained in 'Memorandum in Opposition to Attorneys' Fees' sought by Defendants' Counsel Filed by Brice A. Tondre on February 14, 2005 are erroneous," filed October 26, 2004.  It appears that the essence of plaintiff's filings was that any award of attorneys' fees as a sanction should be awarded against her former counsel, and not against plaintiff individually.

On January 25, 2005, the Magistrate Judge conducted a hearing on the matter, at which plaintiff and Mr. Tondre testified.  *See* Minutes of January 25, 2005 hearing at 2.  At the outset of the hearing the Magistrate Judge stated that the issue was not whether to impose sanctions, but whether the sanctions will be imposed against the plaintiff or Mr. Tondre.  At the conclusion of the hearing the Magistrate Judge determined that the attorneys' fees set forth in Mr. Rider's affidavit were reasonable, that plaintiff herself should pay the fees, and directed that they be paid in three installments of $536.66 each, with a final payment due on April 9, 2005.  *Id.*

On March 24, 2005, plaintiff filed her Motion for Relief from Order/Judgment issued January 25, 2005. (Dkt. # 116.).  As the motion appeared to be essentially a request to the Magistrate Judge to reconsider her order, this Court referred the motion to the Magistrate Judge.  On June 22, 2005, the Magistrate Judge denied plaintiff's motion.  Plaintiff now apparently request this court to review the decision of the Magistrate Judge.

Under Rule 72(a), this court can set aside a nondispositive order of a Magistrate Judge if the order is clearly erroneous or contrary to law. The Court has reviewed

4

plaintiff's most recent filing, as well as the entire record described above, and does not find any reason to overturn the decision of the Magistrate Judge that the sanction is appropriately imposed upon plaintiff.  The Magistrate Judge conducted an evidentiary hearing on January 25, 2005, at which she determined the reasonableness of the sanctions and that the award should be made against plaintiff individually.  Plaintiff has presented no evidence to show that this ruling was clearly erroneous.  Although plaintiff now objects that she should not be responsible for Mr. Tondre appearing "one-half hour late" to the pre-hearing "meet and confer session," it is clear from Mr. Rider's affidavit that all or almost all of the fees which defendants sought to be imposed as a sanction related to the discovery efforts that preceded the September 24, 2004 hearing.

Rule 37(b)(2), F.R.Civ.P., expressly provides that a court may impose a discovery sanction on a party or the party's attorney.  No particular state of mind or degree of culpability is a prerequisite to an award of sanctions, particularly as here when the sanction imposed is not severe.  *See Markham v. National States Ins. Co.,* 2004 WL 3019308 at *11 (W.D. Okla., Jan. 8, 2004) citing to *7 Moore's Federal Practice*, § 37.50[2][b] (Matthew Bender 3d ed.).  Thus this Court cannot find that the Magistrate Judge acted contrary to law.

Plaintiff's motion filed on March 24, 2005, asserted, in part, that the result of the hearing in January was a "fraud on the court" which should be overturned by the Magistrate Judge.  The Magistrate Judge declined to overturn her prior order based on asserted fraud on the court under Rule 60(b), F.R.CivP.  This Court finds no error with the Magistrate Judge's ruling as to the outcome of proceedings she conducted.

5

For the reasons set forth above, plaintiff's motion (Dkt. # 131) is DENIED.  The defendants' Motion to Strike plaintiff's filing (Dkt. # 136) is DENIED.

DATED: August 19, 2005.

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge