IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-F-2633 (PAC)
(Consolidated with 04-F-319 (PAC)

LILLIAN BARTON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
OFFICER R. BLEA, Badge No. 99006,
OFFICER N. SAGEN, Badge No.96-021,
OFFICER JOHN DOE,
MAYOR JOHN HICKENLOOPER,in his Official capacity,
WELLINGTON WEBB, as former Mayor, in his Official capacity only,
GERALD R. WHITMAN, in his Official capacity as Chief of Police,
City and County of Denver,
J. WALLACE WORTHAM, JR., former Denver City Attorney,
in his Official capacity, and
CHRIS RAMSEY, former Denver Deputy City Attorney, in his Official capacity only,

    Defendants.

---

Civil Action No. 04-F-319 (PAC)
(Consolidated with 03-F-2633 (PAC))

CITY AND COUNTY OF DENVER;
RICHARD BLEA;
NICK SAGAN;
JOSH VASCONCELLOS;
MAYOR JOHN HICKENLOOPER;
WELLINGTON WEBB;
GERALD R. WHITMAN;
RUDY SANDOVAL;
J. WALLACE WORTHAM, JR; and
CHRIS RAMSEY,

    Defendants.

---

**ORDER DENYING PLAINTIFF'S "MOTION TO DISTRICT COURT FIGA FOR STAY OF COURT PROCEEDINGS UNTIL SUCH TIME AS MAGISTRATE JUDGE IS REASSIGNED BY RANDOM DRAW . . ."**

This matter comes before the Court on this *pro se* plaintiff's above-described filing of September 2, 2005, (Dkt. # 166), in which she requests this Court to stay proceedings in her case and to order the recusal of Magistrate Judge Coan from her case for alleged bias or prejudice. The Court construes this motion as a motion for disqualification of Magistrate Judge Coan from this case under 28 U.S.C. § 455(a) for lack of impartiality, or for recusal under 28 U.S.C. § 144 on the grounds of bias or prejudice.[1] Although such motion should generally, in the first instance, be directed to the judge against whom disqualification is sought, *see, e.g. In Re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994) and *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985), because plaintiff's motion is directed to the undersigned district judge it will be so addressed. The motion is DENIED for the following reasons.

When called upon to determine whether under 28 U.S.C. § 455(a) a lack of impartiality justifies disqualification, "[t]he test is one of objective reasonableness, that is, whether the judicial officer's impartiality might reasonably be questioned under the circumstances." *Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994), *cert. denied,* 513 U.S. 1155 (1995). As stated in *People Helpers Foundation, Inc., v. City of Richmond, Va.*, 12 F.3d 1321, 1325 (4th Cir. 1993), "[t]he alleged bias must result in an opinion on the merits on a basis other than that learned by the judge from his or her participation in the matter. . . . In short, the nature of the judge's bias must be personal and not judicial." Similarly, under 28 U.S.C. § 144, which recognizes "a personal bias or

---

[1] 28 U.S.C. § 144 provides that a party seeking recusal must submit "a timely and sufficient affidavit" supporting the claim of bias or prejudice, which plaintiff here has failed to do. Nonetheless, the Court will address the substance of her motion.

prejudice" of a presiding judge for or against a party as a basis for recusal, such bias must stem from an extrajudicial source.  *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970).

While plaintiff's motion states that Magistrate Judge Coan has made certain rulings in the case with which plaintiff disagrees, it makes no allegation of grounds on which a reasonable, objective person would find that Magistrate Judge Coan has displayed a lack of impartiality or a personal bias or prejudice against plaintiff.

As the Fourth Circuit said in affirming a denial of a disqualification motion, even "caustic" comments by a judge are not in themselves indicative of a personal bias against a litigant.  *People Helpers Foundation, supra,* 12 F.3d at 1325-26.  Here, the Court finds that the comments attributed to Magistrate Judge in plaintiff's motion are not indicative of any type of bias, extra-judicial or otherwise, and at worst reflect a not unreasonable effort by Magistrate Judge Coan to manage the filings of this *pro se* plaintiff.

Accordingly, for the reasons stated plaintiff's motion (Dkt. # 166) is DENIED.

DATED: September 8, 2005.

                                      BY THE COURT:

                                      s/ Phillip S. Figa
                                      _____
                                      Phillip S. Figa
                                      United States District Judge