IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   03-cv-02633-PSF-PAC
  Consolidated with Civil Action No. 04-cv-00319-PSF-PAC

LILLIAN BARTON,

    Plaintiff(s),

v.

CITY AND COUNTY OF DENVER,
OFFICER R. BLEY, Badge No. 99006,
OFFICER N. SAGEN, Badge, No. 96-021,
OFFICER JOHN DOE,
MAYOR JOHN HICKENLOOPER, in his official capacity,
WELLINGTON WEBB, as former Mayor, in his official capacity,
GERALD R. WHITMAN, Chief of Police, City and County of Denver in his office capacity only,
J. WALLACE NORTHAM, JR., former Denver City Attorney, in his official capacity only,
CHRIS RAMSEY, former Denver Deputy City Attorney, in his official capacity only,

    Defendant(s).

_____

# ORDER
_____

## ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN

Plaintiff proceeds *pro se* in this civil rights case.  A hearing on pending referred motions, with the exception of defendants' motion for partial summary judgment, was held on on September 20, 2005.  Plaintiff did not appear, allegedly because she was in Pennsylvania visiting her ill sister.  Brett McDaniel appeared for defendants.

The pending referred motions were resolved as follows:

**A. Discovery Motions:**

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

(1) It was **ORDERED**: that the clerk's office was instructed to remove Defendants' Unopposed Motion for Leave to take the Deposition of Lillian Barton After the Discovery Cut-off dated July 29, 2005 (doc. 137) from the pending motions list, because the motion was **granted** in the Court's minute order dated August 9, 2005 (doc. 141); it was further

(2) **ORDERED**: that Plaintiff's Motion for Court to Determine the Sufficiency of Defendant Richard Blea's Answers and Objections to Plaintiff's Request for Admissions Dated June 20, 2005 Pursuant to Fed.R.Civ.P. 36(a) and to Apply Appropriate Sanctions Pursuant to Fed.R.Civ.P. 37(a)(2) for Plaintiff's Having to Prove the Genuineness of Documents Entitled (Exhibit E) and (Exhibit G) dated August 9, 2005 (doc. 142) was **DENIED**.  Although plaintiff correctly cited Rule 36, Fed. R.Civ. P. for the proposition that a party responding to requests for admissions cannot avoid admitting or denying the requests by stating that he lacks personal knowledge, plaintiff did not follow D.C.Colo.L.Civ. R. 37.1 which requires direct quotations from the disputed discovery request and the response in the motion to compel.  Without that information, the Court was unable to determine whether defendant Blea's responses to the requests for admission were sufficient.  It was further **ORDERED** that Defendants' request for attorney fees in their Response was **DENIED**.  it was further

(3) **ORDERED:** that Plaintiff's Motion for Order to Compel Discovery Under

2

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

Fed.R.Civ.P. 37(a) dated July 15, 2005 (doc. 132) and Plaintiff's Motion to Amend Plaintiff's Motion to Compel Filed on July 15, 2005 dated August 25, 2005 (doc. 155) were **DENIED**. Plaintiff, through her then-attorney, agreed to a limitation of twenty-five (25) requests for admissions in the Scheduling Order. Plaintiff exceeded that limit by propounding one hundred (100) requests for admissions to defendants <u>after</u> she had propounded twenty-five (25) requests for admissions to Mr. Blea. Plaintiff did not obtain permission from the Court to send more than twenty-five (25) requests for admissions. It was further **ORDERED** that Defendants' requests for fees in their Responses to the motions were **DENIED**. It was further

**(4) ORDERED:** that Plaintiff's Motion for District Court to Deny Defendants' Combined Response to and Motion to Strike Dated July 28, 2005 on the Grounds that Said Combined Response and Motion are in Violation of Rule D.C.Colo.L.Civ 7.1.C. Motion; D.C.COLO.L.CIV 7.1.A Motions as Plaintiff is not in Violation of Rule 12(F) dated August 12, 2005 (doc. 143) was **DENIED**, except that the motion was **granted** with respect to striking Defendants' Motion to Strike. Defendants' Motion to Strike was **STRICKEN** because, as plaintiff correctly argued, it was not filed as a separate motion, but was improperly filed in a response. D.C. Colo.L.Civ.R. 7.1.C. does not permit a motion to be filed in a response. It was further

(5) **ORDERED**: that Plaintiff's Motion for Leave of Court to Amend and

3

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

Supplement Plaintiff's "Motion to Compel" Filed 7/15/05 Pursuant to Fed.R.Civ.P.15(a)(b) and to Reschedule/Vacate Court Ordered Hearing Set for 8/31/05 Regarding Said Motion to Allow Defendants to Respond to "Plaintiff's "Amended/Supplemental Motion to Compel" dated August 15, 2005 (doc. 147) was **DENIED** as to the motion to amend/supplement and **DENIED** as moot as to the motion to reschedule/vacate. Defendants' request for fees in their Response to the motion was **DENIED**. It was further

(6) **ORDERED**: that Plaintiff's Motion to Suppress; to Object; to Oppose Defendants' Motion for Partial Summary Judgment on the Grounds that Defendants' Supporting Brief is Based on Incomplete, Unreviewed, Unsigned, Uncertified Record of Deposition in Violation of Fed.R.Civ.P. 30(e) and 30(f) and Federal Rules of Evidence: 1001, 1002, 1003, 1004, 1005, 1006, 1007 dated August 31, 2005 (doc. 164) was **DENIED**. It was further

(7) **ORDERED**: that plaintiff may file a supplement to her response to defendants' motion for partial summary judgment to which copies of the corrected pages to her deposition may be attached. The supplement is to be filed no later than **September 30, 2005**. **Plaintiff may move for an extension of time if she is unable to file the supplement by September 30, 2005.** It was further **ORDERED** that defendants' request for fees as set forth in their response to plaintiff's motion was

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

**denied**.  It was further

**ORDERED**:  that Plaintiff's Motion and Emergency Notice to Vacate/Reschedule Court Hearing Set for September 20, 2005 dated September 19, 2005 (doc. 174) was **DENIED** because: plaintiff failed to provide documentation or verification of any emergency; the Court has already rescheduled the hearing once; and, the motions were ready for ruling.  The Court may rule on a motion at any time, including before any response is filed.  *See* D.C.Colo.L.Civ.R. 7.1. C.

### B. Plaintiff's Motion for Preliminary Injunction

Plaintiff moved for a preliminary injunction, claiming that the Court should not rule on the pending defense motion for partial summary judgment because it contains unsigned and uncorrected pages from plaintiff's deposition and because the motion contains 77 pages of "unauthenticated" exhibits.  Plaintiff contends that these documents are "fraudulent, unsigned and uncertified documentation."

Because "a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 1991)(citation omitted).   To obtain a preliminary injunction, the movant must establish the following factors: (1) a substantial likelihood of success on the merits; (2) that she will suffer irreparable injury if the preliminary injunction is denied; (3) that the threatened injury to the movant outweighs the injury to the other party if the

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

injunction issues; and (4) that the injunction is not adverse to the public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2000).  The movant must demonstrate that the four factors weigh heavily and compellingly in her favor when she seeks a preliminary injunction which disturbs the status quo, is mandatory, as opposed to prohibitory, or which will afford the movant substantially all the relief she may recover after a full trial on the merits.  *SCFC ILC, Inc.*, 936 F.2d at 1098-1099.

Plaintiff here has made no attempt to provide facts to support the standard for a preliminary injunction.  She has not shown that: (1) she has substantial likelihood of succeeding on the merits of her case; (2) presumably, the injury she complains of is that the Court may consider granting defendants' motion for partial summary judgment because of the documentation attached to it, which plaintiff argues is "fraudulent"; plaintiff, however, has been given the opportunity to submit corrected deposition pages to the Court in a supplement to her response to the motion, and the Court has yet to review the documentation which may not be considered if it is not authenticated; and those procedures preclude any possibility of injury to plaintiff, including any irreparable injury; (3) since plaintiff has not shown any potential for irreparable injury, there is no need for the Court to balance the injury to her with any injury to defendants; and finally, (4) plaintiff has not provided any facts to demonstrate that the requested injunction is not adverse to the public interest.  I must therefore assume that the injunction, resulting

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

in a delayed ruling or no ruling on the dispositive motion, would be adverse to the public interest of judicial efficiency and moving this case promptly toward resolution. Thus, failing to meet the *SCFC* test, it was

**ORDERED**: that Plaintiff's Motion for Preliminary Injunction Pursuant to Fed.R.Civ.P. 65 to Restrain Defendants and District Court from Moving on Pro Se Plaintiff Lillian Barton on Uncertified, Unsigned, Incomplete Deposition and to Restrain District Court from Hearing on Said Fraudulent Documentation Scheduled for September 20, 2005 dated September 16, 2005 (doc. 172) was **DENIED**.

### C. Implied Request for Recusal of Magistrate Judge

While not explicitly so stated in her September 16, 2005 motion, plaintiff appears to complain about those of my rulings which have been adverse to her. She also asks that I "be restrained from holding any further Hearings. . ." I construe those requests as meaning that plaintiff asks that I recuse from further rulings in this case.

A United States magistrate judge shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned, or, where she has a personal bias or prejudice concerning a party. 28 U.S.C. §455(a) and (b)(1). A party seeking disqualification must file an affidavit stating the facts and reasons for the belief that bias or prejudice exists. 28 U.S.C. §144. The magistrate judge may not consider the truth of the facts alleged in assessing the sufficiency of an affidavit in support of a motion to

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

disqualify; however, "the affidavit is strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate the judge is not impartial." *Rogers v. Hinman*, 831 F.2d 937, 939 (10th Cir. 1987). The test is whether a reasonable person who knows all the relevant facts would doubt the judge's impartiality. *Maez v. Mountain States Tel. & Tel., Inc.*, 54 F.3d 1488, 1508 (10th Cir. 1995).

Plaintiff did not file an affidavit in support of her request for recusal. Instead, she complains about my prior ruling awarding sanctions in favor of defendants and against plaintiff for her refusal to sign medical records releases, and she states her fear that further rulings might be premised upon what plaintiff considers to be fraudulent documents. Plaintiff does not provide transcripts of any challenged proceeding or indeed, any documentation for her claims. Rulings by the magistrate judge do not constitute sufficient grounds for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992). Instead, plaintiff's recourse is to appeal the undersigned's orders and file objections to Recommendations. Accordingly, to the extent that plaintiff is asking for my recusal, it is further

**ORDERED:** that plaintiff's request for recusal is **DENIED**.

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
September 22, 2005

Dated September 22, 2005.

          By the Court:
          <u>s/Patricia A. Coan</u>
          Patricia A. Coan
          Magistrate Judge