IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02633-PSF-PAC
(Consolidated with 04-cv-00319-PSF-PAC)

LILLIAN BARTON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER,
OFFICER R. BLEA, Badge No. 99006,
OFFICER N. SAGEN, Badge No.96-021,
OFFICER JOHN DOE,
MAYOR JOHN HICKENLOOPER, in his Official capacity,
WELLINGTON WEBB, as former Mayor, in his Official capacity only,
GERALD R. WHITMAN, in his Official capacity as Chief of Police,
City and County of Denver,
J. WALLACE WORTHAM, JR., former Denver City Attorney,
in his Official capacity, and
CHRIS RAMSEY, former Denver Deputy City Attorney, in his Official capacity only,

    Defendants.

---

Civil Action No. 04-cv-00319-PSF-PAC
(Consolidated with 03-cv-02633-PSF-PAC)

CITY AND COUNTY OF DENVER;
RICHARD BLEA;
NICK SAGAN;
JOSH VASCONCELLOS;
MAYOR JOHN HICKENLOOPER;
WELLINGTON WEBB;
GERALD R. WHITMAN;
RUDY SANDOVAL;
J. WALLACE WORTHAM, JR; and
CHRIS RAMSEY,

    Defendants.

## ORDER DENYING PLAINTIFF'S REQUEST FOR
## RECUSAL OR DISQUALIFICATION

THIS MATTER is before the Court on the *pro se* plaintiff's filing of October 5, 2005 (Dkt. # 185), consisting of a letter addressed to the Clerk of the Court accompanied by an affidavit signed by plaintiff, in which she asserts that the undersigned judge has a "personal bias or prejudice" against plaintiff and "is unable impartially to exercise his functions as judge in this case." The Court construes this letter and affidavit as a motion for disqualification of the undersigned from this case under 28 U.S.C. § 455(a) for lack of impartiality, or for recusal under 28 U.S.C. § 144 on the grounds of bias or prejudice. Title 28 U.S.C. § 144 provides that a party seeking recusal must submit "a timely and sufficient affidavit" supporting the claim of bias or prejudice, which plaintiff here has sought to do.

Such motions should generally, in the first instance, be directed to the judge against whom disqualification is sought, *see, e.g. In re Bernard*, 31 F.3d 842, 843 (9th Cir. 1994)(citation omitted); *United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985). As plaintiff's motion is directed to the undersigned district judge it will be so addressed. The motion is DENIED for the following reasons:

When called upon to determine whether under 28 U.S.C. § 455(a) a lack of impartiality justifies disqualification, "'[t]he test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) quoting *Hinman v.*

*Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  An objective test is to be employed – the inquiry is limited to outward manifestations and reasonable inferences to be drawn therefrom.  *Higganbotham v. Oklahoma ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 645 (10th Cir. 2003).  Similarly, under 28 U.S.C. § 144, which recognizes "a personal bias or prejudice" of a presiding judge for or against a party as a basis for recusal, such bias must stem from an extrajudicial source.  *United States v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977), *cert. denied*, 434 U.S. 1012 (1978); *Davis v. Cities Serv. Oil Co.*, 420 F.2d 1278, 1282 (10th Cir. 1970).

All reasons for recusal or disqualification asserted by plaintiff are based on rulings in pending proceedings, not due to any extrajudicial circumstances or communications. While plaintiff's affidavit states her objection to certain rulings made in the case, it makes no allegation of grounds on which a reasonable, objective person would find that the rulings displayed a lack of impartiality or a personal bias or prejudice against plaintiff.  On their face, the only objectionable characteristic of the under-signed's rulings challenged by plaintiff is that they are adverse to her position. No factual basis for any alleged judicial impropriety has been averred other than these rulings went against plaintiff.  That is not enough.  *Mitchell v. Maynard*, 80 F.3d 1433, 1449 (10th Cir. 1996) ("[A]dverse rulings cannot in themselves create grounds for disqualification.").  Furthermore, most of the rulings to which plaintiff refers were initially made by the Magistrate Judge assigned to this case, and not by the undersigned judge. As far as this Court can recall, plaintiff has not yet personally appeared before the undersigned in any court proceedings in this case.

As noted in *Bryce,* 289 F.3d at 659-60, "a judge also has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require. The recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." (Quotation marks, citations and parentheses omitted.) That appears to be the case here.

Accordingly, for the reasons stated above, plaintiff's motion (Dkt. # 185) is DENIED.

DATED: October 11, 2005.

BY THE COURT:

s/ Phillip S. Figa
_____
Phillip S. Figa
United States District Judge