IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   03-cv-02633-PSF-PAC
  Consolidated with Civil Action No. 04-cv-00319-PSF-PAC

LILLIAN BARTON,

  Plaintiff(s),

v.

CITY AND COUNTY OF DENVER,
OFFICER R. BLEY, Badge No. 99006,
OFFICER N. SAGEN, Badge, No. 96-021,
OFFICER JOHN DOE,
MAYOR JOHN HICKENLOOPER, in his official capacity,
WELLINGTON WEBB, as former Mayor, in his official capacity,
GERALD R. WHITMAN, Chief of Police, City and County of Denver in his office capacity only,
J. WALLACE NORTHAM, JR., former Denver City Attorney, in his official capacity only,
CHRIS RAMSEY, former Denver Deputy City Attorney, in his official capacity only,

  Defendant(s).

_____

## ORDER AND FINAL WARNING
_____

**ORDER ENTERED BY MAGISTRATE JUDGE PATRICIA A. COAN**

Plaintiff proceeds *pro se* for alleged civil rights violations.  The case has been referred to me for pretrial case management.  The matter now before the Court is plaintiff's "Motion for Court to Determine the Sufficiency of Defendant Blea's Answers and Objections to Plaintiff's Request for Admissions Dated June 20, 2005 Pursuant to Fed. R. Civ.P 36(a) and to Apply Appropriate Sanctions", Doc. # 190, filed October 14, 2005.

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
October 19, 2005

This is the second time plaintiff has moved for the Court's determination of the sufficiency of Blea's answers; the first motion was filed August 9, 2005.  *See* Doc. # 142.  I denied plaintiff's first motion re: Blea on September 20, 2005, *see* Minutes/ Minute Order of September 20, 2005, which was followed by a written order, in which I explained that the August 9, 2005 motion, doc. # 142 was denied because:

> [a]lthough plaintiff correctly cited Rule 36, Fed. R.Civ. P. for the proposition that a party responding to requests for admissions cannot avoid admitting or denying the requests by stating that he lacks personal knowledge, plaintiff did not follow D.C.Colo.L.Civ. R. 37.1 which requires direct quotations from the disputed discovery request and the response in the motion to compel.  Without that information, the Court was unable to determine whether defendant Blea's responses to the requests for admission were sufficient.

*See* September 22, 2005 Order, Doc. # 179, at 2.

My order concerning the August 9, 2005 motion is now final.  Specifically, although plaintiff timely appealed another September 20, 2005 order, Doc. #164, she failed to appeal the other September 20, 2005 orders, including my order concerning the Blea responses, within the October 11, 2005 extended deadline granted to her by the District Judge.  *See* Doc. # 188, October 11, 2005 Order (setting October 11, 2005 deadline).  Plaintiff filed untimely objections on October 12, 2005.

Plaintiff now attempts to contest the sufficiency of Blea's responses again.  Her motion is deficient because plaintiff failed to comply with D.C.Colo.L. Civ. R. 7.1.A. which requires conferring with the opposing side to try to resolve the issue before filing

2

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
October 19, 2005

motions with the Court.  Plaintiff was warned on June 22, 2005, that if she filed future motions without Rule 7.1.A. certifications, they would be summarily denied.  See June 22, 2005 Minutes/Minute Order.

Second, with the current motion, plaintiff is now attempting to relitigate a matter which is final and the law of the case.  Knowing that her previous motion directed to Blea was denied for lack of compliance with D.C. Colo. L. Civ. R. 37.1., plaintiff tried again, and this time cited her requests and Blea's responses in her motion and attached a copy of Blea's responses (See Pl. Motion, App. 6, Ex. F.).

Plaintiff's motion is frivolous.  The Court has already denied plaintiff's motion regarding the Blea responses.  The denial was with prejudice and plaintiff did not ask for, nor was she given leave to, refile the motion with the Local Rule 37.1 additions or attachments.  The denial order is final because plaintiff failed to file timely Rule 72 objections to the district judge.  Plaintiff is simply not allowed to have a second bite at the apple by again filing a motion directed to Blea's responses to plaintiff's requests for admissions.

Accordingly, it is hereby

**ORDERED** that plaintiff's "Motion for Court to Determine the Sufficiency of Defendant Blea's Answers and Objections to Plaintiff's Request for Admissions Dated June 20, 2005 Pursuant to Fed. R. Civ.P 36(a) and to Apply Appropriate Sanctions",

O3-cv-02633-PSF-PAC
04-cv-00319-PSF-PAC
October 19, 2005

Doc. # 190, filed October 14, 2005, is **denied** in its entirety.  It is further

**ORDERED that plaintiff is given this <u>final warning</u> that filing another motion, excepting a Rule 56 motion, lacking D.C.Colo. L. Civ.R. 7.1.A. certification or filing another frivolous motion in the future shall result in the imposition of sanctions, including, but not limited to payment of defendants' attorney fees[1] and/or costs, and/or a recommendation that plaintiff be precluded from presenting certain evidence or a recommendation that plaintiff's case be dismissed in its entirety.**

Dated October 19, 2005.

> By the Court:
> s/Patricia A. Coan
> Patricia A. Coan
> United States Magistrate Judge

---

[1] In addition to the sanction of $1610 in fees previously ordered paid.  See January 26, 2005 Minutes/Minute Order.