IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 03-cv-02633-PSF-PAC
(Consolidated with 04-cv-00319-PSF-PAC)

LILLIAN BARTON,

      Plaintiff,

v.

OFFICER R. BLEA, Badge No. 99006;
OFFICER N. SAGEN, Badge No.96-021, and

      Defendants.

---

Civil Action No. 04-cv-00319-PSF-PAC
(Consolidated with 03-cv-02633-PSF-PAC)

LILLIAN BARTON,

      Plaintiff,

v.

RICHARD BLEA;
NICK SAGAN; and
JOSH VASCONCELLOS;

      Defendants.

---

## ORDER ON PENDING MOTIONS

---

This matter comes before the Court on several pending motions filed by the respective parties. This matter is set for a three-day jury trial commencing Wednesday, November 15, 2006 at 8:30 a.m. Accordingly, the Court now addresses the following pending motions:

**I.  Plaintiff's Motion to Schedule Testimony of Dr. I. Stephen Davis (Dkt. # 284), filed October 18, 2006, and Plaintiff's Motion to Amend/Correct/Modify Motion to Schedule Testimony of Dr. I. Stephen Davis (Dkt. # 285), filed October 19, 2006.**

In these two motions plaintiff requests leave to schedule the trial testimony of Dr. Stephen Davis at either 3:00 p.m. on Thursday, November 16, 2006, or Friday morning, November 17, 2006, in order to accommodate the doctor's travel plans, which presently anticipate that he will be away from Denver on November 15, 2006 but will be returning to Denver on the afternoon of November 16, 2006.

The defendants have not objected to this motion.  The motion is GRANTED to the extent that the plaintiff will be permitted to call Dr. Davis out of order to accommodate his schedule.  If plaintiff rests her case prior to the availability of Dr. Davis, the defendants' presentation of evidence may proceed so as not to inconvenience the jury and Dr. Davis may testify during defendants' case-in-chief.

**II.   Defendants' Renewed Motion *In Limine* (Dkt. # 271), filed September 21, 2006, and Defendants' Supplemental Motion *In Limine* (Dkt. # 276), filed September 27, 2006.**

Defendants' Renewed Motion *In Limine* (Dkt. # 271) was confessed by the plaintiff at the pretrial hearing on September 22, 2006, to the extent that it sought to exclude evidence of the disciplinary records of defendants (*see* Dkt. # 272 at 1) .

The Renewed Motion *in Limine* also sought to exclude from evidence at trial Plaintiff's Exhibits 14 and 15, which appear to be documents summarizing or itemizing plaintiff's alleged damages.  Defendants asserted that the exhibits were not timely disclosed and there had been no supporting documentation to support the summary

provided since July 5, 2006, despite the Court's instructions to do so.  At the pretrial conference on September 22, 2006, the parties were directed to confer and seek to resolve the matter regarding plaintiff's damages evidence, and if they were unable to resolve the matter, the plaintiff was to file a response to the motion no later than September 27, 2006 (Dkt. # 272 at 2).

Plaintiff timely filed her response on September 27, 2006 (Dkt. # 275) in which she stated that she was collecting the information and it would be furnished to defendants' counsel "tomorrow" (September 28, 2006), that the detail of the expenses paid to plaintiff's present counsel has already been provided, that the exhibits are not "a list of damages" as characterized by the defendants, but rather a list of some of plaintiff's out-of-pocket costs, and that Exhibits 14 and 15 "are very specific listings of expenses as opposed to summarizing voluminous writings."  (*Id.* at 2).

Also on September 27, 2006, defendants filed their Supplemental Motions *In Limine* (Dkt. # 276), a portion of which addresses the issue regarding Plaintiff's Exhibits 14 and 15.  Defendants state that as of that date, they had received no "documents underlying plaintiff's purported damages itemization."  (*Id.* at 5).

The Court has received no filings since September 27, 2006 indicating whether or not the underlying documentation has been produced.  Nonetheless, the Court makes the following ruling as to defendant's motion.

Portions of Plaintiff's Exhibits 14 and 15 appear to be summaries of at least some of plaintiff's alleged expenses or damages, which would normally not be admissible as exhibits under the hearsay rule but which could be admissible under

3

F.R.E. 1006 as summaries of underlying documents, provided that the underlying documents have been or are made available to the opposing party.  If at the time these exhibits are offered at trial, the underlying documents on which these compilations are based have not been made sufficiently available to defendants' counsel in advance, the exhibits will not be admitted.  This is not to say that plaintiff, or some other competent witness cannot testify to the expenses, but the exhibits themselves will not be admitted.

Under any circumstances the admissibility of these exhibits is also subject to the usual showing of relevancy and foundation.  In addition, parts of the exhibits appear to contain "extraneous matter" as outlined by defendants, such as a retainer agreement with a lawyer named Viski-Hanka (*see* Exhibit 15), and those extraneous portions of the exhibits will not be admitted under Rule 1006.

**III   Plaintiff's Motion *In Limine* For Issue Preclusion (Dkt. # 274), filed September 27, 2006, and Defendants' Supplemental Motion *In Limine*  (Dkt. # 276), also filed September 27, 2006.**

Plaintiff's motion requests that this Court give "preclusive effect" to a December 24, 2002 order of Denver County Court Judge Mary Celeste that plaintiff's motion characterizes as holding that the arrest of plaintiff was "illegal" because under the totality of circumstances it was not based upon probable cause and that under the totality of circumstances the defendant police officers did not have probable cause to arrest Plaintiff Lillian Barton for interference, and to a January 28, 2003 order by Judge Celeste dismissing the City's prosecution against plaintiff (Motion at 2-4). This Court notes that the order entered by Judge Celeste on December 24, 2002 is in fact an order granting a motion to suppress that was filed by Plaintiff Barton as a

defendant in the county court case, and the order of January 28, 2003 was merely a handwritten notation entered by Judge Celeste on a motion to dismiss filed by defendant in that case.  Copies of the orders are attached to plaintiff's motion.

Plaintiff's motion cites cases setting forth general principles of collateral estoppel in support of her argument.  She is correct, and defendants do not dispute, as the Tenth Circuit stated in *Wilkinson v. Pitkin County Board of County Commissioners,* 142 F.3d 1319, 1322 (10th Cir. 1998) that "[t]he preclusive effect of a state-court decision in a §1983 action filed in federal court is a matter of state law. "  Thus this Court must apply Colorado law to determine if collateral estoppel provides for the preclusive effect sought here.  Under Colorado law, the doctrine of collateral estoppel precludes a claim if the issue is identical to an issue actually litigated and necessarily decided in the prior action, the party against whom estoppel is sought was a  party or was in privity with a party in the prior action, there was a final merits judgment in the prior action, and the party against whom estoppel is sought had a full and fair opportunity to litigate the issue in the prior action.  *See Michaelson v. Michaelson,* 884 P.2d 695, 700-01 (Colo. 1994).  However, plaintiff has not cited any cases that specifically address the factual situation presented here:  namely, whether police officer defendants in a §1983 case are bound by a state court finding of a lack of probable cause in a prior state criminal proceeding.

Defendants not only oppose plaintiff's motion for preclusive effect to be given to the state judge's orders (Defendants' Response, Dkt. # 283), but in their own Supplemental Motion *In Limine* (Dkt. # 276) move this Court to exclude Judge Celeste's

5

orders from evidence.  Defendants argue that insofar as plaintiff alleges a claim in this case for "malicious prosecution" against defendants, the decision in *Schenck v. Minolta Office Systems, Inc.*, 802 P.2d 1131 (Colo. App. 1990) supports their argument that preclusive effect should not be given to Judge Celeste's orders.  Insofar as plaintiff argues that general collateral estoppel principles should be applied here, defendants respond that they did not have a "fair and full opportunity" to litigate their interests in the underlying criminal case as the City of Denver, and not the individual officers, controlled the litigation, and they did not have the right to appeal Judge Celeste's orders rendering them not "final" for purposes of collateral estoppel.  They also argue, citing to *Graham v. Connor*, 490 U.S. 386, 396 (1989), that the jury here must look at the evidence from the perspective of a "reasonable officer on the scene rather than with the 20/20 vision of hindsight", which they assert was not the perspective of the state judge in entering the above-referenced orders (Defendants' Response at 4).

The Court also does not find the authorities cited by defendants to be dispositive of the issues presented here.  *Graham v. Connor* did not discuss whether an arrest was lawful, but rather whether officers used excessive force at the time they made the arrest.  That is not the issue presented here where plaintiff is claiming an unlawful arrest.

*Schenck,* presenting a situation in which the civil defendants sought to use collateral estoppel defensively, did uphold a district court's refusal to give preclusive effect to a finding of probable cause by a county court judge so as to prevent the criminal defendant from bringing the subsequent malicious prosecution case, but the

6

facts and reasoning there do not apply to the instant claims.  First, in *Schenck*, the county court finding was merely that probable cause existed to bind the defendant over to the district court for trial.  802 P.2d at 1132-33.  In the instant case, Judge Celeste's order expressly addresses the issue of whether the defendants had probable cause to arrest plaintiff, and whether the facts and circumstances within their knowledge at the time of the arrest supported a reasonable belief that a crime had been or was being committed by plaintiff (Exhibit 1 to Plaintiff's Motion, Order of Dec. 24, 2002, at 1).  As the *Schenck* opinion finds, the issue of probable cause in a malicious prosecution proceeding is not identical to the probable cause issue presented in a county court preliminary hearing, stating:

> The sole focus at the preliminary hearing was whether the state had probable cause to believe plaintiff committed a crime.  However, in the malicious prosecution proceeding, the issue was whether the defendants had probable cause to believe plaintiff committed the crime.

802 P.2d 1134-35.  But in the instant case, as noted above, the ruling by Judge Celeste was not made in the context of a preliminary hearing where the issue was whether to bind a criminal defendant over for trial, but rather was entered specifically in the context of addressing directly whether the police officers, the defendants here, had probable cause to arrest plaintiff.

Second, as defendants here acknowledge, the *Schenck* opinion relied in part on a decision by a Seventh Circuit panel in *Whitley v. Seibel*, 676 F.2d 245 (7th Cir.), *cert. denied*, 459 U.S. 942 (1982), which the *Schenck* decision described as "a case factually similar to this one, [in which] the court concluded that a plaintiff asserting a

claim under 42 U.S.C. § 1983 (1982), was not collaterally estopped by a prior preliminary hearing finding of probable cause." *Id.* at 1134.  Defendants here, also citing to *Whitley*, argue that the dissimilarity between the criminal proceeding and the civil action undermines the applicability of collateral estoppel principles (*see* Defendants' Supplemental Motion *In Limine* at 3).

The problem with the *Schenck* decision's reference to *Whitley* is that the characterization does not comport with the general rules applicable to the collateral estoppel effect given to state court proceedings in later § 1983 actions.  In *Allen v. McCurry*, 449 U.S. 90 (1980), the United States Supreme Court expressly held that collateral estoppel principles apply in the context of a Section 1983 suit later filed by a state court defendant, and in that case barred the state court defendant from asserting a civil rights claim for an allegedly unlawful search in violation of the Fourth Amendment when the state court had previously found that probable cause existed to support the search.  As the Supreme Court aptly described the law:  any other result would fail "to recognize that a state court decision that police acted legally cannot but foreclose a claim that they acted in bad faith."  449 U.S. at 102, n.18.  Thus, *Allen* upholds the defensive use of collateral estoppel when the police are later sued in a Section 1983 case, and any suggestion by defendants that collateral estoppel could not be applied in the context of a Section 1983 suit would run afoul of *Allen.*

Notwithstanding the general approval of the defensive use of collateral estoppel principles in later filed § 1983 cases, courts have found, as was true in *Whitley*, that the defendant in the underlying criminal case, later the plaintiff in the civil case, is  bound

8

by issues determined against him only if he had a "full and fair opportunity" to litigate the issue in the criminal proceeding. *See e.g. Hubbert v. City of Moore,* 923 F.2d 769, 772-73 (10th Cir. 1991). Similarly, the Tenth Circuit has found that notwithstanding the general application of collateral estoppel principles, a plaintiff in a malicious prosecution case may not be bound by a state court's determination of "probable cause" if the plaintiff did not have a fair and full opportunity to litigate the issue in the state court proceeding. *See Bell v. Dillard Dept. Stores, Inc.,* 85 F.3d 1451, 1453-54 (10th Cir. 1996).

All of the above-cited cases, however, address situations where the civil defendants after a criminal proceeding in which the were not parties have sought to use collateral estoppel defensively to preclude a later filed civil rights or malicious prosecution suit against them. Neither plaintiff nor defendants in the instant case have cited any case where the issue is whether a civil rights plaintiff, such as Ms. Barton, can make offensive use of a state court finding in her favor in a later filed civil rights case. Nor have they cited any case that addresses the more specific issue as to whether police officers, such as defendants here, are considered bound in a later civil rights case by a state court decision that an arrest they have made lacks probable cause.

Despite the shortcomings of the briefs filed by both sides, these issues have been well-considered in the Tenth Circuit. In *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1106 (10th Cir. 1998), the panel expressly held that police officer defendants in a §1983 suit alleging false arrest and malicious prosecution were not bound in that case by the state

court's dismissal of traffic violation charges lodged by them against the plaintiff.  The Tenth Circuit panel found that the officers were not parties to the criminal proceedings, but rather the plaintiff's opponent was the state.  The panel held that the officers had no control over the prosecution of the criminal case, and their role at the preliminary hearing was simply that of witnesses for the prosecution.  The Tenth Circuit further found that the officers could not call witnesses, direct the examination of the state's witnesses, choose counsel to represent the state or appeal the state court ruling.  Thus they could not be said to be in privity with the state.  Accordingly, the Tenth Circuit found that the state court determination did not provide the police officers with the full and fair opportunity to litigate required if collateral estoppel is to be applied.  158 F.3d at 1106-07.

The Tenth Circuit has thus found as a general principle, applying state law, that when police officers are sued in their individual capacities they are not "parties" to the prior criminal case nor are they in privity with the parties in that case.  Therefore, they are not necessarily bound by a state court ruling in a later filed § 1983 case.  *See McFarland v. Childers*, 212 F.3d 1178, 1185-86 (10th Cir. 2000); *see also Sherry v. Iron County*, 2006 WL 1982792 at *4 (D. Utah, July 12, 2006) (citing approvingly to a case that holds that "application of collateral estoppel by the criminal defendant turned civil plaintiff was inappropriate because the party against whom collateral estoppel was asserted, a defendant police officer, did not have a full and fair opportunity to litigate the issues of the current [civil] case in the course of the . . . criminal trial.") (internal citations and quotation marks omitted).  Although these cases applied either Oklahoma

10

or Utah law of collateral estoppel, there is nothing before this Court to suggest that Colorado law would yield any different result on these issues.  Accordingly, plaintiff's motion *in limine* for issue preclusion must be DENIED.

In support of their motion to exclude the orders of Judge Celeste from evidence, the defendants argue only that admitting the orders would result in "prejudice beyond their probative value" citing to F.R.E. 403; and that the January 28, 2003 order was not listed as an exhibit on the Final Pretrial Order and therefore should be excluded (Defendants' Supplemental Motions *In Limine* at 4).  Defendants again cite no pertinent case authority to support their positions.

Despite the shortcomings of defendants' motion on this issue as well, the Court notes that case law in this circuit address the admissibility of prior court orders over objections that they are hearsay and subject to exclusion under F.R.E. 402 as not relevant, or under F.R.E. 403 as relevant but prejudicial.  *See e.g. United States v. Alahmad,* 211 F.3d 538, 542 (10th Cir. 2000), *cert. denied*, 531 U.S. 1080 (2001); *United States v. Zimmerman*, 943 F.2d 1204, 1211 (10th Cir. 1991).

In *Alahmad, supra*, the court upheld the introduction into evidence of state court custody orders as relevant in a prosecution for violation of International Parental Kidnapping Crime Act ("IPKCA"), 18 U.S.C. § 1204, to establish that the defendant took the child away from a grandparent with the intent to obstruct "parental rights" created by the court orders.  Although defendant argued one of the orders was "not relevant" and any relevancy was outweighed by its prejudicial impact, the appellate court upheld the admission into evidence of the order.  211 F.3d at 542.  However, that ruling

11

depended on the particular circumstances of that case, and did not set forth a rule of general application that would control here.

The defendant in *Alahmad* also argued that one of the court orders, entered in 1997, "constituted hearsay evidence because the Colorado judge who entered the order did not testify at defendant's federal trial, and the government offered it to prove that defendant violated the 1993 order." *Id.*  The Tenth Circuit panel stated that it doubted "defendant's characterization of the 1997 court order," but ultimately ruled that even if such hearsay had been admitted it was harmless error under the circumstances of that case.  *Id.* at 542-43.

In the instant case, the Court does not presently have before it sufficient context in which to determine if the orders of Judge Celeste may provide relevant evidence so as to be admissible at trial in this case.  The issue of relevancy may depend on the circumstances under which the orders are offered as evidence.  In addition, the Court does not believe that it has before it adequate briefing on the law pertinent to this issue.  Accordingly, defendants' motion *in limine* to exclude Judge Celeste's orders from evidence is DENIED at this stage, without prejudice, except that they may not be used against defendants for any purpose as collateral estoppel.

**CONCLUSION**

Plaintiff's Motion to Schedule Testimony of Dr. I. Stephen Davis (Dkt. # 284), filed October 18, 2006 and Plaintiff's Motion to Amend/Correct/Modify Motion to Schedule Testimony of Dr. I. Stephen Davis (Dkt. # 285), filed October 19, 2006, are GRANTED as set forth herein.

Defendants' Renewed Motion *In Limine* (Dkt. # 271) filed September 21, 2006 and Defendants' Supplemental Motion *In Limine* (Dkt. # 276), filed September 27, 2006, to the extent they relate to Plaintiff's Trial Exhibits 14 and 15, are GRANTED as set forth herein.

Plaintiff's Motion *In Limine* For Issue Preclusion (Dkt. # 274), filed September 27, 2006 is DENIED.

Defendants' Supplemental Motion *In Limine*  (Dkt. # 276), filed September 27, 2006, to the extent it seeks exclusion of the orders of Judge Celeste is DENIED without prejudice.  Such orders cannot, however, be used against defendants for any purpose based on the doctrine of collateral estoppel.

Dated: November 8, 2006

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge